UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER SAMUEL CARTER,

    Petitioner,

-vs-                                                         Case No. 6:11-cv-1066-Orl-31GJK
                                                                       (6:08-cr-71-Orl-31GJK)

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

      This case is before the Court on the motion to vacate, set aside, or correct an illegal sentence (Doc. No. 1) filed by Christopher Samuel Carter pursuant to 28 U.S.C. § 2255. The Government filed a response (Doc. No. 9) to the section 2255 motion, and Petitioner filed a reply to the response (Doc. No. 11 ).

      Petitioner alleges four claims for relief in his motion: (1) he received ineffective assistance of trial counsel; (2) his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure; (3) he is "actually innocent" of the "armed career sentence imposed under the ACCA"; and (4) he is entitled to a reduction of his sentence based on Amendment 742 to the Sentencing Guidelines.

I.      *Procedural History*

Petitioner was charged by indictment with one count of possession of ammunition by a convicted felon (Criminal Case No. 6:08-cr-71-Orl-31GJK, Doc. No. 1, filed March 26, 2008).[1] A jury trial was then held, and Petitioner was found guilty. *See* Criminal Case Doc. No. 60. The Court entered a Judgment In A Criminal Case, in which Petitioner was adjudicated guilty of possession of ammunition by a convicted felon and sentenced to imprisonment for a total term of 220 months (Criminal Case Doc. No. 71). Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which entered a written, unpublished opinion affirming the conviction and sentence (Criminal Case Doc. No. 90).

II.     *Analysis*

A.      *Claim One*

Petitioner argues that trial counsel was ineffective by 1) failing to argue that fingerprint and/or DNA evidence from the firearm was negative, and 2) failing to argue that Petitioner's 2003 convictions for carrying a concealed firearm and delivery of cocaine counted as only one prior conviction since the charges were consolidated for trial.

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and

---

[1] Hereinafter Criminal Case No. 6:08-cr-71-Orl-31GJK will be referred to as "Criminal Case."

(2) whether the deficient performance prejudiced the defense.[2]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

   1.   *Issue One*

Petitioner states that trial counsel failed to argue that fingerprint and/or DNA evidence from the firearm was negative.  At trial, Sarah Koerber, a crime scene investigator with the Orange County Sheriff's Department, testified that she was unable to find any latent fingerprints on the ammunition.  *See* Criminal Case Doc. No. 81 at 53.  Investigator Koerber also stated that it was not uncommon for forensic examiners to be unable to recover fingerprints from ammunition and that she had never recovered a usable, identifiable latent print from a round of ammunition.  *Id*. at 54.  She also testified that it was "pretty rare" to recover fingerprints from firearms.  *Id*. at 55.  Further, the parties stipulated that forensic examiners were unable to raise or develop any latent fingerprints for comparison purposes on the firearm.  *Id*. at 60.  Thus, there was no basis for counsel to raise an argument with regard to this matter.

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

3

The Court also notes that there was no indication that the firearm and ammunition were tested for the presence of DNA, and, aside from conclusory allegations, Petitioner has presented no evidence demonstrating that these items were so tested. Under the circumstances, the Court finds that counsel did not act deficiently with regard to this matter. Nor did Petitioner suffer any prejudice.

2. *Issue Two*

Petitioner states that counsel failed to argue that Petitioner's 2003 convictions for carrying a concealed firearm and delivery of cocaine counted as only one prior conviction since the charges were consolidated for trial, which would have made Petitioner "ineligible for the ACCA enhancement." *See* Doc. No. 1 at 5.[3]

The Court finds that Petitioner qualified for sentencing under the ACCA based on four prior convictions for delivery of cocaine. *See* Presentence Investigation Report ("PSI") ¶¶ 32, 33, 35, 36. At sentencing, Petitioner's counsel did raise objections to the use of these convictions for sentencing purposes, and those objections were overruled. *See* Criminal Case Doc. No. 84 at 8-15. As such, Petitioner has failed to demonstrate that counsel acted deficiently with regard to this matter or that he sustained prejudice.

**B.** *Claim Two*

Petitioner argues that his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure.

---

[3]The ACCA refers to the Armed Career Criminal Act. To qualify for an ACCA enhancement, Petitioner must have been convicted of three or more violent felonies or serious drug offenses as defined under the ACCA. *See* 18 U.S.C. § 924(e).

4

This claim was raised on direct appeal. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted) (quotation omitted); *see also United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2000) (claims raised and decided on direct appeal cannot be relitigated in a section 2255 motion). "[A] section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citation omitted) (quotation omitted). Hence, this claim cannot be relitigated in a section 2255 motion. Petitioner has failed to set forth any grounds that demonstrate the necessity for reconsideration of this claim, and it is denied.

C.  *Claims Three and Four*

Petitioner argues in claim three that he is "actually innocent" of the "armed career sentence imposed under the ACCA," *see* Doc. No. 1 at 5, and in claim four that he is entitled to a reduction of his sentence based on Amendment 742 to the Sentencing Guidelines.

Petitioner did not raise these claims on direct appeal. "Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Mills*,

36 F.3d at 1055. Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default. *Mills*, 36 F.3d at 1055.

In the present case, Petitioner has not demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal. Likewise, Petitioner has not shown the applicability of the fundamental miscarriage of justice exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, these claims are denied as procedurally barred.

Alternatively, these claims are denied on the merits. Under the ACCA, a defendant who has three prior convictions for violent felonies or serious drug offenses shall be imprisoned for "not less than fifteen years." 18 U.S.C. § 924(e)(1). In addition to his conviction for carrying a concealed firearm, Petitioner had four prior convictions for delivery of cocaine, and a conviction for possession of cocaine with intent to sell it. *See* PSI ¶¶ 32, 33, 35, 36, 37. Thus, Petitioner's prior drug convictions qualified him for sentencing under the ACCA, and claim three is therefore without merit.

Amendment 742 became effective November 1, 2010, which was long after this Court sentenced Petitioner. Amendment 742 has not been made retroactively applicable, *see* USSG §1B1.10(c), and Petitioner is not entitled to relief on this ground.

6

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Christopher Samuel Carter (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number .

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 93) filed in criminal case number 6:08-cr-71-Orl-31GJK.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[4]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 20th day of July, 2012.

*[signature]*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 7/20
Christopher Samuel Carter
Counsel of Record

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.